UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: _____

BRANDON L. GREEN,

        Plaintiff,

vs.

DWH OWNERS, INC., a foreign corporation,
d/b/a David Weekley Homes,

        Defendant.
_____/

**COMPLAINT**

    Plaintiff, Brandon L. Green (hereafter "Green"), by and through counsel, hereby sues Defendant, DWH Owners, Inc. (hereafter "DWH"), and alleges as follows:

**NATURE OF ACTION**

    1.    This is an action for recovery of unpaid overtime compensation owed to Green pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., as amended ("FLSA").

    2.    Green alleges Defendant unlawfully failed and refused to pay his overtime pay, defined as one and one half times his regular rate of pay for hours worked in excess of forty (40) per work week, as is required by the FLSA.

    3.    Defendants' practices as alleged herein violated and the FLSA, 29 U.S.C. § 201 *et seq*.

## JURISDICTION AND VENUE

4. Jurisdiction in this Court is proper as Green's claim is brought pursuant to the FLSA to recover unpaid overtime compensation, liquidated damages and reasonable attorney's fees and costs. Jurisdiction over this action is founded upon § 216(b) of the FLSA and this court's original jurisdiction over federal questions.

5. The acts and omissions that give rise to this action occurred in Seminole County, Florida. Venue is therefore proper in the United States District Court for the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. At all times material hereto, Green has resided in Orange County, Florida.

7. DWH is a foreign corporation that maintains its principal office in Houston, Texas, but regularly conducts business in Seminole County, Florida.

8. DWH employed Green within Seminole County, Florida.

## COVERAGE

9. At all times material hereto, DWH employed two or more employees, including Green, who regularly were and are engaged in commerce, or worked on goods or materials that had been moved in or produced for commerce.

10. At all times material hereto, DWH was an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

11. DWH is subject to enterprise coverage under the Section 203(s)(1)(A) of the FLSA.

## GENERAL FACTUAL ALLEGATIONS

12. Green was employed by DWH as a warranty manager from July 2019 until May 2020.

13. Green was paid an hourly wage for his services, most recently at a rate of twenty four dollars and three cents ($24.03) per hour.

14. During the relevant period, defined as the period commencing three years prior to the filing of this action, Green worked in excess of forty (40) hours in several work weeks.

15. Green typically worked a total of fifty (50) hours per work week.

16. While Green was required to track his working hours, he was only permitted to report forty (40) hours each week for payroll purposes.

17. At no time during the relevant period did Green receive one and one half times his regular hourly rate of pay for hours worked in excess of forty (40) in a work week.

18. Green did not have supervisory authority, nor did he participate in hiring or firing decisions.

19. Green did not exercise discretion over matters of significance on a regular basis.

## COUNT I
## FLSA CLAIMS AGAINST DEFENDANTS
## (UNPAID OVERTIME COMPENSATION)

20. Green hereby incorporates by reference paragraphs 1 through 19 herein.

21. At all times relevant to this complaint, defined as the period commencing two (2) years prior to the filing of this action, DWH was an employer, and an enterprise engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of 29 U.S.C. § 203(d).

22. At all times relevant to this complaint, DWH employed Green within the definition of the 29 U.S.C. § 203(e)(1).

23. The FLSA requires covered employers such as DWH to compensate all non-exempt employees at a rate of not less than one-and-one-half the regular rate of pay for work performed in excess of forty (40) hours in a work week.

24. Throughout the relevant period, Green was a non-exempt employee entitled to receive overtime pay under the FLSA.

25. Green was therefore entitled to one and one half-times his regular rate of pay for all hours worked in excess of forty (40) per workweek.

26. At all times relevant to this complaint, Defendants failed and refused to pay Green the full overtime compensation he was due for the hours he worked in excess of forty (40) per work week.

27. As a result of DWH's failure to compensate Green as required by the FLSA, DWH violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 207(a)(1).

28. Through the conduct as alleged herein, DWH failed to act in good faith with respect to Green's compensation.

29. Green is entitled to damages in the amount of his unpaid overtime compensation during the relevant period, plus an equal amount as liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b) and other such legal and equitable relief as the Court deems just and proper.

30. Green requests recovery of his attorneys' fees and costs associated with his claims as provided by 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Green requests that a judgment be entered awarding his all unpaid overtime compensation, an equal amount as liquidated damages, attorney's fees and costs, and such other relief as this Court deems just and proper.

Date:   September 15, 2020

                                          Respectfully submitted,

                                          s/ David H. Spalter, Esq.
                                          David H. Spalter, Esquire
                                          Florida Bar No. 966347
                                          JILL S. SCHWARTZ & ASSOCIATES, P.A.
                                          655 W. Morse Blvd., Suite 212
                                          Winter Park, Florida 32789
                                          Telephone: (407) 647-8911
                                          Facsimile: (407) 628-4994
                                          E-mail: dspalter@schwartzlawfirm.net
                                          Secondary E-mail: docketing@schwartzlawfirm.net
                                          Secondary E-mail: jtacktill@schwartzlawfirm.net
                                          Attorney for Plaintiff